IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JASON REED NIEHUS, | ) | |
| | ) | 3: 11-cv-00491-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFF PREMO, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

Kristina Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Samuel A. Kubernick
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Jason Reed Niehus brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for kidnapping and assault. For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On September 22, 2004, the Marion County Grand Jury returned an indictment charging Niehus with one count each of Kidnapping in the First Degree, Assault in the Second Degree Constituting Domestic Violence, Unlawful Use of a Weapon, Felony Assault in the Fourth Degree Constituting Domestic Violence and Resisting Arrest. Respondent's Exhibit 102. Following a bench trial, Niehus was convicted of Kidnapping in the First Degree, Assault in the Second Degree Constituting Domestic Violence and Unlawful Use of a Weapon. The court imposed a sentence totaling 160 months. Respondent's Exhibit 101.

Niehus directly appealed his convictions and sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. *State v. Niehus*, 209 Or. App. 816, 149 P.3d 347 (2006), *rev. denied* 342 Or. 417, 154 P.3d 723 (2007); Respondent's Exhibits 105-109.

2 - FINDINGS AND RECOMMENDATION

Niehus next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. *Niehus v. Belleque*, Marion County Circuit Court Case No. 07C23994. On appeal, the Oregon Court of Appeals affirmed the PCR trial court without written opinion, and the Oregon Supreme Court denied review. *Niehus v. Belleque*, 238 Or. App. 619, 243 P.3d 808 (2011), *rev. denied* 349 Or. 602, 249 P.3d 123 (2011); Respondent's Exhibits 128-133.

On April 21, 2011, Niehus filed this action. His grounds for relief as set forth in his Petition are as follows:

Ground One: Ineffective assistance of trial counsel:

>   (A) Trial counsel failed to [object] to the introduction of hearsay statements of alleged victim Andrea Rogers elicited from witness Officer Todd Moquin on grounds that such testimony did not meet the requirements of OEC 803(26) and was not otherwise admissible as substantive evidence. The trial court thereafter relied upon [ ] this testimony to convict petitioner of Assault in the Second Degree as alleged in Count 2 of the indictment.
>
>   (B) Trial counsel failed to move for judgment of acquittal and dismissal on Count 2 of the indictment (Assault II) when the prosecution failed to introduce any substantive evidence to [prove the alleged victim suffered physical pain - a material element of the charged offense. The evidence upon which the trial court relied to find this element of that offense was the hearsay testimony of Officer Todd Moquin. Because the Rogers hearsay statements to Moquin did not meet the admissibility requirements of OEC 803(26) they could not be considered as substantive evidence in the case requiring dismissal of Count 2. Petitioner's Fourteenth Amendment Due Process of Law rights are implicated. *Jackson v. Virginia*, 443 US 307, 99 S.Ct. 2781 (1979).
>
>   (C) Counsel did not effectively raise the Due Process of Law violations guaranteed petitioner by the Fourteenth

3 - FINDINGS AND RECOMMENDATION

Amendment to the United States Constitution, associated with *State v. Wolleat*, 338 Or. 469 (2005). Petitioner's Due Process rights were violated where petitioner was charged with, convicted, and consecutively sentenced for kidnapping I when the facts used to support that kidnapping charge and conviction were merely incidental to petitioner's assaultive behavior encompassed within the assault II charge conviction and sentence. Under *Wolleat* the incidentalness of the kidnapping factual basis will not support petitioner's conviction. The separately charged assaultive behavior was necessary to any theory of kidnapping which requires a separate intent to kidnap. Petitioner only ever formed an intent to assault. Trial counsel failed to move for a judgment of acquittal and dismissal of count 1 (Kidnap I) because the evidence at trial established asportation of Rogers was in fact incidental to the assault charged in Count 2.

(D) Trial counsel failed to object when the prosecution amended the indictment to exclude a requirement of "serious physical injury" on Count 2. Although the indictment was attributed to a scrivener's error, it was a material change in the indictment which could only be remedied through re-indictment by a grand jury. This altercation violated petitioner's right to be notified of the nature and cause against him under the Sixth and Fourteenth Amendments to the United States Constitution. This amendment of the indictment materially affected the defense strategy of negating serious physical injury and assisted the prosecution's ability to convict petitioner upon a lesser quantum of proof [of a] material element of the offense.

(E) Counsel should have foreseen the consecutive sentence issues set forth in *Blakely v. Washington*, 124 S.Ct. 2531, 542 US 296 (2004) and *Apprendi v. New Jersey*, 120 S.Ct. 2348, 530 US 466 (2000) and raised those very issues at trial. Had counsel done so petitioner would not have received the sentence described above. The facts upon which the consecutive sentences (Counts 1 and 2) were based were not plead in the indictment.

(F) Trial counsel failed to adequately or otherwise object to the trial court's imposition of consecutive sentences. The court did not make the requisite findings required under ORS 137.123. The manner in which the consecutive sentences were imposed *as applied here* violate Petitioner's US Constitutional Due Process rights

4 - FINDINGS AND RECOMMENDATION

secured to him by *Blakely v. Washington*, 124 S.Ct. 2531, 542 US 296 (2004) and *Apprendi v. New Jersey*, 120 S.Ct. 2348, 530 US 466 (2000).

Ground Two: NATURE AND CAUSE (6th Amendment) and DUE PROCESS (14th Amendment). Petitioner's sentences were imposed consecutively yet were not plead in the indictment. Petitioner could not reasonably have preserved this claim for relief because at the time of his plea and sentencing controlling precedent held that Oregon's use of aggravating factors did not violate the *Apprendi v. New Jersey*, 530 US 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) rule.

Ground Three: NATURE AND CAUSE (6th Amendment) and DUE PROCESS (14th Amendment). The trial court erred in denying judgment of acquittal on Count I (Kidnap I) because of insufficient proof of asportation. Petitioner's Fourteenth Amendment Due Process of Law rights are implicated. *Jackson v. Virginia*, 443 US 307, 99 S.Ct. 2781 (1979).

Ground Four: NATURE AND CAUSE (6th Amendment) and DUE PROCESS (14th Amendment). The trial court erred in denying judgment of acquittal on Count 2 (Assault II) because the state failed to introduce evidence of physical injury as that term is defined by law. Petitioner's Fourteenth Amendment Due Process of Law rights are implicated. *Jackson v. Virginia*, 443 US 307, 99 S.Ct. 2781 (1979).

Respondent asks the Court to deny relief on the Petition because: (1) Ground Two is procedurally defaulted; (2) Grounds One, Three and Four were correctly denied on the merits in state-court decisions entitled to deference; and (3) all grounds are without merit.

## DISCUSSION

### I. Unargued Claims

Notwithstanding the fact that respondent briefed all the claims set forth in the Petition, with the exception of the ineffective assistance of trial counsel claims set out in Grounds

5 - FINDINGS AND RECOMMENDATION

One (C) and (F) as to counsel's alleged failure to object to the imposition of consecutive sentences pursuant to O.R.S. 137.123, Niehus does not provide argument to support the merits of his remaining claims. Rather, he "submits the remaining claims for this Court's consideration on the existing record." Brief in Support [34] at 5.

On federal habeas review, Niehus must show that the state court determination denying his claims was contrary to or involved an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). The Court has reviewed Niehus' unargued claims on the existing record and determined that they do not entitle him to relief. Accordingly, by not advancing these claims in his supporting memorandum, Niehus has failed to meet the burden of proof for habeas relief under § 2254(d) and relief on these claims must be denied.

## II. Merits

### A. Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A

state court's findings of fact are presumed correct and Niehus bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must

indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696.

B. <u>Analysis</u>

1. <u>Ineffective Assistance of Trial Counsel for Failing to Move for Judgment of Acquittal on the Kidnapping Charge When the State Failed to Prove Petitioner had the Requisite Intent to Substantially Interfere with the Victim's Personal Liberty (Ground One (C))</u>

Niehus contends the PCR trial court's denial of his claim of ineffective assistance of counsel for failing to move for judgment of acquittal on the kidnapping charge based on the state's failure to prove he intended to interfere substantially with the victim's personal liberty was contrary to *Strickland* and *Kimmelman v. Morrison*, 477 U.S. 365 (1986) and based on an unreasonable determination of the facts.

The PCR trial court made the following pertinent findings of fact and conclusions of law relating to this claim:

///

///

8 - FINDINGS AND RECOMMENDATION

FINDINGS OF FACT

\* \* \*

11. The Kidnapping was not minor and was not merely incidental to petitioner's remaining crimes and petitioner substantially interfered with the victim's personal liberty. The distance petitioner moved the victim is only one factor for consideration in assessing the substantiality of the victim's intended interference with the victim's liberty. *State v. Nguyen*, Or App (July 30, 2008).

12. Trial counsel moved for a Judgment of Acquittal on the Kidnapping I charge, arguing a lack of sufficient evidence that petitioner interfered with the victim's personal liberty for the purpose and intent of causing physical injury. The court denied trial counsel's motion. Trial counsel then raised this issue in closing arguments. Petitioner raised the issue of petitioner's intent to substantially interfere with the victim's personal liberty, claiming that the trial court erred in denying trial counsel's Motion for Judgment of Acquittal. The Oregon Court of Appeals Affirmed Without Opinion and the Oregon Supreme Court denied review.

\*\*\*

CONCLUSIONS OF LAW

1. Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). . . .

\*\*\*

4. Petitioner did not prove the facts underlying any of his post-conviction claims by a preponderance of evidence. Thus petitioner has not shown, as required by *Strickland*, (1) that counsel's representation fell below an objective standard of

9 - FINDINGS AND RECOMMENDATION

> reasonableness, and (2) that there is a reasonable probability that, but for counsel's allegedly unprofessional errors, the result of the proceedings would have been different. . . .

Respondent's Exhibit 126, pp. 5-7.

Under Oregon law, motions for judgment of acquittal are reviewed "solely to determine whether, after viewing the evidence in the light most favorable to the state, any rational trial of fact could have found the essential elements of the crime proved beyond a reasonable doubt." State v. Rose, 311 Or. 274, 281 (1991). Conflicts in the evidence are resolved in the state's favor. State v. King, 307 Or. 332, 339 (1989).

Oregon law provides, in relevant part, that a person commits the crime of kidnapping in the first degree if, with the intent to interfere substantially with another's personal liberty, and without consent or legal authority, he (a) takes a person from one place to another; or (b) secretly confines the person in a place where he is not likely to be found, with the purpose to cause physical injury to the victim. O.R.S. 163.235(1)(c) & 163.225.

Niehus argues any movement of the victim here was "merely incidental" to the assault and insufficient to sustain a kidnapping conviction. Brief in Support [34] at 8 (citing State v. Garcia, 605 P.2d 671, 675 (Or. 1980); State v. Wolleat, 111 P.3d 1131, 1135 (Or. 2005)). He suggests further that evidence he was assaulting the victim as he dragged her back into the apartment buttresses his argument that such movement was incidental to the assault and not

10 - FINDINGS AND RECOMMENDATION

evidence of his intent to interfere substantially with her liberty. *Id.* at 8-10. The Court disagrees.

The facts here are distinguishable from *Wolleat*. In that case, the court concluded that dragging the victim from one room to another while assaulting her was insufficient to constitute kidnapping as it failed to meet the element of "intent to interfere substantially with another's personal liberty." In contrast, here, Niehus did not merely move the victim from room-to-room, but seized her *outside* her apartment as she was trying to escape and yelling for help, dragged her approximately 30 feet back inside the apartment, and shut the door. Respondent's Exhibit 103, Trial Transcript, pp. 52-53, 69-70. Niehus' arguments notwithstanding, the evidence that he dragged the partially dressed victim, as she was attempting to flee and yelling for help, back into her apartment, supports a finding that he intended to hide her from view and to limit her freedom in a way that was not merely incidental to the prior assault.

Based on this evidence, Niehus cannot show that any failure on trial counsel's part to specifically move for judgment of acquittal on the kidnapping charge based on the State's failure to prove Niehus intended to substantially interfere with the victim's personal liberty, fell below an objective standard of reasonableness, or that there is a probability that had the motion

11 - FINDINGS AND RECOMMENDATION

been filed, it would have been successful and the result of the proceeding would have been different.

Accordingly, Niehus has failed to demonstrate that the PCR court's denial of this ineffective assistance of trial counsel claim was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court, or that it was based on an unreasonable determination of the facts.

> B. <u>Ineffective Assistance of Trial Counsel for Failing to Object to the Imposition of Consecutive Sentences Without the Court's Requisite Findings Under O.R.S. § 137.123 (Ground One (F))</u>

Niehus contends that trial counsel rendered deficient performance when he failed to object to the Court's imposition of consecutive sentences without first making the required findings under O.R.S. 137.123 establishing: (1) a willingness to commit more than one criminal offense; or (2) that the offense caused or created a risk of causing greater or qualitatively different harm to the victim. Under the relevant state statute:

> The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:
>
> (a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation for a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or
>
> (b) That the criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing loss, injury, or harm to the victim or caused or

12 - FINDINGS AND RECOMMENDATION

> created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offenses committed during a continuous and uninterrupted course of conduct.

O.R.S. 137.123(5). According to Niehus, no evidence was presented at trial supporting either of these exceptions.

The PCR trial court made the following pertinent finding of fact relating to this claim:

### FINDINGS OF FACT

\* \* \*

> 14. The Court properly sentenced petitioner under ORS 137.123. Petitioner had 35 arrest cycles, including Robbery III, Menacing, Intimidation II, Assault IV, Theft, probation violations, felony PCS, contempt of court, Criminal Trespass, and Resisting Arrest. Trial counsel objected and made Motions for Judgments of Acquittal regarding petitioner's persistent involvement of similar, unrelated offenses and other sentencing factors, and the court denied the motions. At sentencing, trial counsel again objected to the court considering these prior incidents for purposes of sentencing and preserved the issue.

Respondent's Exhibit 126, pp. 5-7.

Notably, the PCR trial court had before it an affidavit from Niehus's trial counsel wherein counsel averred, "I did not object to the imposition of consecutive sentences pursuant to ORS 137.123. Based on the testimony presented and the court's verdict on the felony cases, it seemed readily apparent that the kidnapping charge and the assault charge were both separate and distinct acts and both showed a willingness to commit more th[a]n one crime." Respondent's Exhibit 123.

13 - FINDINGS AND RECOMMENDATION

The Court's review of the current record reveals that the trial court did not make findings on the record establishing one of the exceptions under O.R.S. 137.123(5). Accordingly, the Court does not presume the correctness of PCR court's finding to the contrary. In addition, given the State does not dispute Niehus's assertion that the kidnapping and assault convictions arose out of a "continuous and uninterrupted course of conduct," the Court assumes this fact. In this context, the Court notes the following exchange took place at Niehus's sentencing:

> MR. KEMMY (State counsel): Now, I want to tell you just a little bit more about his history. I provided a lot of the judgments to sort of give you a flavor of the violent crimes, and then to show he's also a thief and drug addict as well. he has 35 arrest cycles, the convictions that you've seen, as well as a number of contempts, criminal trespasses, resisting arrests, and the DUI. The intimidation, I would point out, was in the previous case where he was assaulting not only the victim, the same victim we had today -- I think she was in the count that was dismissed. But her 17-year-old daughter at that time, her four-year-old son at that time, and a charge of intimidation for an African-American Salem police officer, who he repeatedly referred to in the most ugly slang and spit on him.
>
> This is a person who commits crime. This is a person who hurts other people. He's had ample opportunity to learn from that, to change his ways. Even if he doesn't want to be a better person, he could stop doing what he is doing just so he can stay out of custody. He is apparently unable to or unwilling to make those changes.
>
> To simply give him the 90-month sentence would be the same thing, Your Honor, would be giving anybody who was convicted of kidnapping in the first degree -- if they never had jaywalked in their life or committed any crime. And he simply is not in the same position as somebody who has never committed a crime. He looks at the rest of us as potential victims, particularly women. It's a sad thing that this woman has subjected not only herself to it but her children. And

14 - FINDINGS AND RECOMMENDATION

> he's now been found guilty and I'm asking the Court to impose the 160 months, with the financials mentioned.
>
> * * *
>
> MR. OBERT (Defense Counsel): * * * When reviewing my client's criminal history, which the Court has in front of you, I would note there's only two felony convictions, one for the robbery three, and one for the PCS. The rest of my client's criminal history has basically been confined to misdemeanors.
>
> My client has alcohol and drug issues. And when he is under the influence of those substances he does not act appropriately. The other thing I would note, the two felony convictions were both back in 1997.
>
> There are 35 arrest cycles. this was a bad situation. What we're asking the Court to do is impose a 90-month mandatory minimum under the kidnapping one. Impose a 70-month mandatory minimum under the assault two, concurrent. And then a 30-month sentence on the unlawful use of a weapon, concurrent to that also, for a total of 90 months.
>
> * * *
>
> THE COURT: All right. Hopefully you can get some help for that, sir. You know, as you stand before me you sound like an intelligent young man, with an awful lot to offer. And then I look at your record and I hear the facts of this case, and I don't know what to make of it. I don't know whether alcohol played a large part, I suspect it probably did. **But I simply can't ignore the record before me, not only the seriousness of the charges that were tried today, but the other charges, albeit, only two felonies.** I agree, sir, you need some assistance with alcohol, and hopefully you'll get it while you're in prison.

Respondent's Exhibit 104(emphasis added) The Court then proceeded to impose consecutive sentences on the kidnapping and assault convictions totaling 160 months.

As Niehus fairly points out, this exchange lends itself, not to the question of whether an exception set out in O.R.S. 137.123 has been established, but rather to the question of whether a

15 - FINDINGS AND RECOMMENDATION

departure sentence is appropriate. It is evident that the trial court wanted to impose a departure sentence based on both on the seriousness of Niehus's current crimes and on his extensive criminal history.[1]

Nevertheless, the Court is persuaded on this record that there was sufficient evidence presented at trial to support consecutive sentences under ORS 137.123. For the reasons discussed above establishing that the kidnapping was not merely incidental to the assault, the trial court could have determined that Niehus demonstrated a willingness to commit more than one crime. In the alternative, there was ample evidence in the record supporting a departure sentence based on Niehus's extensive criminal record.

Based on the foregoing, the Court finds that PCR court reasonably could have applied *Strickland* to decide that Niehus was

---

[1] Notably, the prosecution prepared and presented an aggravation case supporting a departure sentence: "And I guess I had gone through the trouble of doing that because I wasn't sure where we'd be at the end of the day, and I wanted to make sure the Court had sufficient hammer, should you, say, only found him guilty of one crime -- so that he would be treated differently than anybody else who committed a Measure 11 crime, somebody who hadn't spent their life breaking the law and victimizing people in the community". Respondent's Exhibit 104, 9-11.

However, after Niehus was convicted on multiple counts, the prosecutor proposed the following: "Over the lunch hour I thought perhaps maybe a better way to it would be to simply impose the two Measure 11 sentences, run them consecutive to one another." In response the Court stated,"So really what you're saying is you presented aggravating factors to me, obviously not knowing until five or ten minutes ago what my decision was going to be, but you're asking me to depart if I choose to adopt what you're proposing?". The prosecutor answered "correct".

16 - FINDINGS AND RECOMMENDATION

not prejudiced by counsel's failure to object to the court's imposition of consecutive sentences pursuant to O.R.S. 137.123. *See Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)("Under §2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court decision; and then it must ask whether it is possible fair minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this [United States Supreme] Court."). Accordingly, the Court's review of the record leads only to the conclusion that Niehus has failed to demonstrate that the PCR court's denial of this ineffective assistance of counsel claim, was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

## RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus [2] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

In addition, the district judge should certify that Niehus has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

///

17 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 3rd day of May, 2013.

/s/ Paul Papak
Paul Papak
United States Magistrate Judge