IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JASON REED NIEHUS**,

                Petitioner,

      v.

**JEFF PREMO**,

                Respondent.

Case No. 3:11-cv-00491-PK

**OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**

**SIMON, District Judge.**

United States Magistrate Paul Papak issued Findings and Recommendations in this case on May 3, 2013. Dkt. 39. Judge Papak recommended that the Petition for Writ of Habeas Corpus (Dkt. 2) be denied, the case dismissed with prejudice, and the court decline to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Petitioner timely filed objections to the Findings and Recommendation (Dkt. 41), to which Defendant responded. Dkt. 42. Petitioner objects to certain factual findings and legal conclusions in Judge Papak's Findings and Recommendation that Petitioner failed to meet his burden to show ineffective assistance of counsel, that the case be dismissed with prejudice, and that no certificate of appealability be issued.

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court has reviewed *de novo* those portions of Judge Papak's Findings and Recommendation to which Petitioner objected, as well as Petitioner's objections, the underlying

briefing in this case, and the record of the state court proceedings. The Court agrees with Judge Papak's reasoning and ADOPTS those portions of the Finding and Recommendation, supplemented as follows.

## SUPPLEMENTAL ANALYSIS

### A. Background

In Petitioner's underlying criminal case in state court, Petitioner waived his right to a jury trial and proceeded to a bench trial. The Marion County trial judge found Petitioner guilty of Kidnapping in the First Degree, Assault in the Second Degree Constituting Domestic Violence, and Unlawful Use of a Weapon. Immediately following the verdict, the trial judge held the sentencing hearing. The trial judge imposed a 90-month sentence for the kidnapping conviction and a 70-month sentence for the assault conviction, to run consecutively, for a total sentence of 160 months. The trial judge imposed a 30-month sentence for the unlawful use of a weapon conviction, to run concurrently. The Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review.

Petitioner sought relief from the State post-conviction relief ("PCR") court, alleging that he received ineffective assistance of counsel. The PCR court denied relief, the Oregon Court of Appeals affirmed in a written opinion, and the Oregon Supreme Court denied review.

Petitioner filed a petition for a writ of habeas corpus in this Court, asserting that he received ineffective assistance of counsel because his attorney failed to move for a judgment of acquittal on the kidnapping charge on the ground that there was insufficient evidence to establish that Petitioner had the specific intent to interfere substantially with the victim's liberty. Petitioner objects that Judge Papak improperly focused on the location in which the movement took place and not whether the kidnapping was simply to effect the primary felony of assault.

Petitioner also claims that he received ineffective assistance of counsel because his attorney failed to argue at sentencing that consecutive sentences, as opposed to concurrent sentences, were inappropriate for Petitioner's crimes because: (1) the kidnapping was "merely incidental" to the assault under Oregon Revised Statutes ("ORS") § 137.123 (5)(a) and did not indicate a willingness to commit more than one offense; and (2) the commission of the kidnapping did not evidence intent on the part of Petitioner to inflict greater or qualitatively different harm than that inflicted by the assault under ORS § 137.123 (5)(b). Petitioner argues that these arguments were viable, essential, and potentially persuasive and that they are different than the argument raised by Petitioner's trial counsel relating to Petitioner's underlying criminal record and the potential upward departure in sentencing that Petitioner's criminal history might have supported. Petitioner argues that the PCR court improperly determined, when evaluating Petitioner's claims of ineffective assistance of counsel, that his trial counsel had properly objected to the consecutive sentences. Petitioner objects that Judge Papak did not properly consider the effect of the failure of trial counsel to make these particular arguments.

The mandatory minimum sentence for kidnapping was 90 months. At the sentencing hearing, the state argued that Petitioner's extensive criminal history constituted aggravating factors supporting an upward departure in sentencing Petitioner and that a 90-month total sentence was insufficient. The state offered evidence of Petitioner's extensive criminal history, including felony convictions, misdemeanor convictions, and evidence of probation violations. Dkt. 21-2, pp. 7-8. Trial counsel for Petitioner objected to the trial court's consideration of the aggravating factors as improperly presented because, under *Blakely v. Washington*, 542 U.S. 296 (2004), they required factual findings during the case-in-chief and not separately at sentencing. Trial counsel for Petitioner also objected to the probation violations as improper because they

Page 4 – OPINION AND ORDER

were not determined beyond a reasonable doubt. Dkt. 21-2, pp. 8-10. The trial court overruled the objections. The trial judge noted that he would need to make findings beyond a reasonable doubt that the aggravating factors were present, and proceeded to admit and confirm on the record the various convictions offered by the state.

As the trial judge was stating the aggravating factors on the record, the state proposed an alternative sentencing strategy: instead of finding aggravating factors and imposing a departure sentence, the state proposed that the judge impose consecutive sentences for the kidnapping and assault charges and a concurrent sentence for the weapon conviction, noting that it would make the sentencing "cleaner." Dkt. 21-2, pp. 10-12. The trial court agreed that "[i]t probably does, given the uncertainty of *Blakely*." Dkt. 21-2, p. 12.

The state again expounded on Petitioner's criminal history and the insufficiency of a 90-month sentence. Petitioner's counsel explained that Petitioner had taken an anger management course, had problems with drugs and alcohol, and had behavioral problems when under the influence. The trial judge expressed concern with Petitioner's criminal history and the facts of the case, noted that he suspected alcohol played a large part, stated that he "just simply can't ignore the record before me, not only the seriousness of the charges that were tried today, but the other charges, albeit, only two felonies." Dkt. 21-2, p. 16. The judge then imposed the two consecutive and one concurrent sentences proposed by the state.

The trial judge did not mention ORS § 137.123, nor make any findings specific to its exceptions allowing imposition of consecutive sentences for separate convictions arising out of a continuous and uninterrupted course of conduct. Petitioner's trial counsel did not object under ORS § 137.123 to the sentences imposed. Petitioner's trial counsel submitted an affidavit to the PCR court averring that, "I did not object to the imposition of consecutive sentences pursuant to

Page 5 – OPINION AND ORDER

ORS § 137.123. Based upon the testimony presented and the court's verdict on the felony cases, it seemed readily apparent that the kidnap[p]ing charge and the assault charge were both separate and distinct acts and both showed a willingness to commit more th[a]n one crime." Dkt. 21-4, p. 2.

**B. Petitioner's Claim of Ineffective Assistance of Counsel Relating to the Failure of Trial Counsel to Object to the Consecutive Sentencing Under ORS § 137.123[1]**

The Court adopts Judge Papak's findings and reasoning in Section II.B.2,[2] supplemented as follows.

Under Oregon law, a court may impose consecutive sentences for convictions that do not arise from the same continuous and uninterrupted course of conduct. ORS § 137.123(2). A court may also impose consecutive sentences for separate convictions arising out of a continuous and uninterrupted course of conduct, if the court finds:

> (a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or
>
> (b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct.

---

[1] The Court ADOPTS Judge Papak's analysis in Section II.B.1, relating to Petitioner's claim of ineffective assistance of counsel for failing to move for judgment of acquittal on the kidnapping charge based on failure to prove intent to substantially interfere with the victim's personal liberty (Ground One (C)), without any supplement analysis.

[2] The heading of the relevant section is identified as II.B.B. in the Findings and Recommendation, but the Court finds that the heading numbering is a scrivener's error and the section is properly numbered II.B.2.

Page 6 – OPINION AND ORDER

ORS § 137.123(5).

As correctly found by Judge Papak, the kidnapping and assault convictions in State court arose out of a continuous and uninterrupted course of conduct,[3] the trial court did not make specific findings on the record under ORS § 137.123, Petitioner's trial attorney did not object to the consecutive sentences under ORS § 137.123, and the PCR court's finding to the contrary is not presumed to be correct. Thus, the "doubly" deferential standard required when applying both 28 U.S.C. § 2254(d)'s standard in reviewing state court determinations and the deferential standard for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), does not apply to petitioner's claim of ineffective assistance of counsel relating to trial counsel's failure to object to consecutive sentencing under ORS § 137.123.

The *Strickland* standard, however, does apply. Under *Strickland*, a petitioner claiming ineffective assistance of counsel must show that counsel's performance was deficient and that the deficient performance prejudiced the petitioner. To be constitutionally deficient, counsel's performance must fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688. In making this determination, a "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Under Oregon law, failure of a sentencing court to make express findings under ORS § 137.123 and of a trial counsel to object thereto does not rise to the level of a constitutional violation if the trial court could have easily made such findings. *See Pendergrass v. Coursey*, 253

---

[3] The State conceded this fact.

P.3d 69, 70 (Or. Ct. App. 2011) ("Trial counsel's failure to object to the lack of express findings regarding separate victims did not prejudice petitioner; the error would have been easily remedied had it been brought to the trial court's attention."). Here, the sentencing court was the trial court. Although limited findings were made on the record in the sentencing hearing, immediately preceding the sentencing hearing the trial judge found that the victim's testimony at trial was not credible, the testimony of the police officer was credible, the testimony of the third-party witness was credible, the testimony of the victim's son was credible, and the state had proven beyond a reasonable doubt the elements required for assault, kidnapping, and unlawful use of a weapon. Dkt. 21-2, pp. 4-6. Shortly before sentencing, the trial court had also considered Petitioner's motion for judgment of acquittal on the kidnapping charge and denied the motion. Dkt. 21-1, pp. 94-96.

The evidence the judge found credible included testimony that the victim had escaped out the back door of her apartment and was drug back in by Petitioner and then the victim escaped out the front door of her apartment, yelling for help, and Petitioner chased her, grabbed her by the hair, drug her approximately 30 feet back into the apartment (punching her all the way), and then closed the door to the apartment with both of them inside. Dkt. 21-1, pp. 69-71, 86-87. The assault for which Petitioner was convicted was banging the victim's head against the floor, which occurred several minutes before the victim's escape and kidnapping. The assault charge did not encompass the punching of the victim during her escape.

Additionally, in imposing the sentences, the trial judge emphasized the seriousness of the charges for which Petitioner was convicted and his previous record. Dkt. 21-2, p. 16. The trial judge also overruled Petitioner's trial counsel's objections to the aggravating factors, overruled trial counsel's objections to considering the probation violations, and was in the process of

making the necessary *Blakely* findings on the record for a departure sentence before the state proposed the alternate sentencing strategy of consecutive sentences instead of a departure sentence. Based on the trial judge's statements on the record, it does not appear that the trial judge was going to impose a 90-month sentence under either sentencing alternative.

These findings could readily translate into a finding that the kidnapping: (1) was not merely incidental to the assault but an indication of a willingness to commit more than one criminal offense, or (2) created a risk of greater or different harm than the assault. The assault was completed several minutes before the kidnapping, and Petitioner's willingness to chase the victim, drag her back in the house, and close them both inside can readily translate into a finding of a willingness to commit more than one criminal offense. Additionally, the harm of being unable to leave your house is a different harm than having your head hit against the floor. The failure of trial counsel to object and require the judge to make explicit findings under ORS § 137.123 is, therefore, not necessarily unreasonable. As explained by the Oregon Court of Appeals in a different case:

> Although the trial court's findings were not couched in terms of ORS 137.123(5)(b), trial counsel could have reasonably understood the court's findings to address the requirements of the statute, or he could have reasonably concluded that, in light of those findings, it would be futile to raise an objection to consecutive sentences. . . . Those references appear to objectively fall within the scope of ORS 137.123(5)(b), which addresses the import of harm arising from criminal conduct that is qualitatively different than that ordinarily contemplated by a criminal charge based on the conduct.
>
> Even if the trial court's findings were not intended to comply with ORS 137.123(5)(b), we agree with defendant that petitioner did not prove that, if trial counsel had made an objection to consecutive sentences, the trial court would have imposed concurrent sentences. In light of the trial court's lengthy explanation of why it was imposing consecutive, rather than concurrent, sentences, it is more probable that the trial court would have re-couched its

Page 9 – OPINION AND ORDER

>    findings in terms of ORS 137.123(5)(b), had such an objection been made.

*Snodgrass v. Lampert*, 150 P.3d 1109, 1112-13 (Or. Ct. App. 2007) (denying petition asserting ineffective assistance of counsel for counsel's failure to object to consecutive sentences under ORS § 137.123(5)).

In this case, trial counsel could have reasonably concluded that the judge's findings during the bench trial and in denying the motion for judgment of acquittal encompassed the requirements of ORS § 137.123 or could have reasonably concluded that, in light of those findings and the other statements made by the judge on the record, it would be futile to raise a specific § 137.123 objection. According to the affidavit submitted to the PCR court by Petitioner's trial counsel, he did, in fact draw such conclusions and that was why he did not object to the sentencing based on ORS § 137.123. Dkt. 21-4, p. 2. Thus, Petitioner has not overcome the "strong presumption" of reasonableness of his trial counsel and has not shown that trial counsel's representation fell below the objective standard of reasonableness in providing legal assistance. *See Strickland*, 466 U.S. at 688-89.

Further, based on the statements of the trial judge at sentencing, the trial judge was prepared to sentence Petitioner to a sentence longer than 90 months. The trial judge was in the process of making the necessary *Blakely* findings on the record when he agreed that imposing consecutive sentences would be "cleaner" given the "uncertainty" of *Blakely*. Had trial counsel objected to consecutive sentences under ORS § 137.123, the judge not only could have readily made the necessary findings under ORS § 137.123, but also could have imposed the longer sentence under a departure sentence, reverting back to the original *Blakely* sentencing strategy. Thus, Petitioner has not shown that trial counsel's failure to object prejudiced Petitioner. *See Snodgrass*, 150 P.3d at 1112-13.

Page 10 – OPINION AND ORDER

## CONCLUSION

Judge Papak's Findings and Recommendation (Dkt. 39) is hereby ADOPTED, as supplemented herein. For the reasons discussed in this Opinion and Order and in Judge Papak's Findings and Recommendation, Petitioner's Petition for Writ of Habeas Corpus (Dkt. 2) is DENIED and this proceeding is DISMISSED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 4th day of June, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge